THE CITY OF LINCOLN, PLAINTIFF IN ERROR, V. RE-
BECCA E. WOODWARD, DEFENDANT IN ERROR.

**Municipal Corporations:** DEFECTIVE SIDEWALK: DAMAGES.
In an action to recover damages against a city for injuries
caused by a defective sidewalk, where the proof shows that the
sidewalk was defective at the time of the injury and had been
so for a long time prior thereto, of which defect the street com-
missioner had actual notice, and that such defect caused the
injury, the verdict will not be set aside as being against the
weight of evidence.

ERROR to the district court for Lancaster county.
Tried below before POUND J.

*Allen W. Field* (*Lamb, Ricketts & Wilson* with him), for
plaintiff in error.

*Marquett, Deweese & Hall,* for defendant in error.

MAXWELL, CH. J.

This action was brought by the defendant in error
against the plaintiff to recover for personal injuries sus-
tained by her by falling on a sidewalk on L street in said
city.

It is alleged in the petition "that said walk on the south
side of L street in front of lot 3, block 100, in said city,
was, on or about the 7th day of April, A.D. 1884, in a very
imperfect, unsafe, and dangerous condition, and had been
so for some time prior to said date; that the timber on
which said sidewalk was built and to which the boards
were nailed had rotted away, and the boards had become
loose, so that it was unsafe for people to travel over said
walk; the plaintiff, while going to her work on the morn-
ing of the 7th of April, 1884, using ordinary care and
without any fault or negligence on her part, accidentally fell

on said sidewalk by reason of the unsafe condition thereof, and by reason of the same being in an imperfect state of repair."

Then follows a statement that the city had notice of the defect and of the injuries sustained.

The city in its answer, after a denial of the facts stated in the petition, alleges, "that whatever of injury the plaintiff may have received, which the defendant does not admit, was by reason of her own carelessness and negligence, and was not in any manner occasioned by any fault or negligence of this defendant."

On the trial of the cause the jury returned a verdict in favor of the plaintiff below for $1,000.

The principal error relied upon in this court is, that the verdict is against the weight of evidence. The testimony tends to prove the following facts: That on the 7th of April, 1884, the sidewalk at the place indicated was laid with boards one inch thick and six inches wide; that it had been put down in 1879 or 1880, and at the time the injury occurred some of the stringers on which the walk was laid had become rotten, and some of the boards were loose and had been for some time before the accident; that the walk was about five feet in width, and some of the boards were bent down in the middle somewhat like a rocker; that on the day named the plaintiff below in passing over said sidewalk at the point indicated, met a man passing in an opposite direction on said sidewalk. The man in passing stepped on the end of one of the boards, which caused the other end to raise up and trip the plaintiff, causing her to fall on her face, by reason of which she was severely and permanently injured.

The injury was conceded by the attorney for the plaintiff in error to be severe and permanent, and the proof fully sustains the admission. The principal objections on behalf of the city to the want of evidence are, 1st, The failure to prove that the sidewalk in question was in an

unsafe condition; and 2d, If it was unsafe, that the city had notice. On the first point we have the evidence of the plaintiff below, who testifies, " I noticed as I came up to it that it was a loose, shaky sidewalk, and always tried to be careful when I came over such places."

Q. Where you met this man did you notice that that board was loose?

A. Not that board.

Q. Noticed some loose boards?

A. Yes, sir.

Q. Before you got to this one?

A. Not before I got the fall.

Q. After you got the fall?

A. Yes.

Q. Where were you looking when you met with the fall?

A. Ahead of me.

Thomas W. Lowrey testifies: "I am very positive a great many of the boards were loose in that space opposite Mr. Hastings' lots, I think he owns a hundred feet there if I remember right, and I am quite positive there were a good many loose boards in front of his house."

Q. How long had this been in this condition prior to April, 1884?

A. Pretty much all last winter.

Q. A year ago?

A. Yes.

W. Q. Bell testifies in answer to the question, "What condition was it in until it was repaired?" "In front of Major Hastings' place loose boards and boards that were out in there, boards all seemed to be thin inch lumber, and had been broken, and some of the ends lay down on the ground between the joists that held them up. Some of the boards were out in there, and some of them were loose. I know this fact. My attention was especially called to the condition of the walk by passing there with my wife and she remarked it."

Q.   Can you give an idea how long it was in this con-
dition prior to the time a new one was put in there?

A.   I should say a long time.

Q.   About what length of time?

A.   I should say two years, possibly not quite so long.

Alva Kennard testifies that he considered the sidewalk
at the place designated in bad condition, and to the same
effect nearly all the other witnesses.   The fact that the
sidewalk was out of repair at the time of the accident and
had been for a considerable time previously, is clearly es-
tablished by the evidence; and there is considerable proof
tending to show that the city marshal and street commis-
sioner had notice of the defect complained of some time be-
fore the accident occurred.   This was sufficient although
there is no doubt the defect had existed for so long a period
as to raise the presumption of notice.   No particular error
has been pointed out in the instructions, and we do not
deem it proper to discuss questions that it is unnecessary
to consider in the determination of the case.   It is appar-
ent that there is no error in the record, and the judgment
must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.