THE CITY OF PLATTSMOUTH, PLAINTIFF IN ERROR, v. THOMAS MITCHELL, DEFENDANT IN ERROR.

1. **Municipal Corporations**: DEFECTIVE SIDEWALKS. Before a city or other municipal corporation will be liable for injuries caused by a defective sidewalk, it must be shown that the city, by its officers, had notice of the defect, or that such defect had existed so long and under such circumstances as to raise the presumption of knowledge. But where a portion of a sidewalk is in bad condition by reason of loose boards and defective construction, it is not necessary that the city or its officers should have notice that the particular board which caused the injury was loose. Notice of the general bad condition of the walk at that place will be held sufficient.

2. **Negligence**: CONTRIBUTORY NEGLIGENCE. In an action for damages resulting from personal injuries caused by the alleged negligence of the defendant, the question of contributory negligence on the part of plaintiff is, ordinarily, one of fact for the jury to determine under instructions from the court.

3. **Municipal Corporation**: SIDEWALKS CONSTRUCTED BY PROPERTY OWNER: LIABILITY OF CITY FOR INJURIES. Where a sidewalk is constructed on a public street or thoroughfare in a city by an abutting property owner without any direction or order by the officers of such city, the fact of such construction by the property owner without authority will not relieve the city from liability for damages to persons injured thereon without fault, if after the construction of such walk the city assumes jurisdiction over it and orders repairs to be made prior to an accident.

4. ———: ———: ———. Nor will such city be relieved from liability, even though it does not assume such jurisdiction, if the walk is in a public street in constant use, and in a line of other sidewalks constructed by direction of the city, or over which it has control.

ERROR to the district court for Cass county. Tried below before MITCHELL, J.

*Chapman & Polk*, for plaintiff in error.

It is contributory negligence for a person passing along a street to go upon a part of it which he knows or per-

ceives to be dangerous. *Evans v. Utica*, 69 N. Y., 166. *Belton v. Baxter*, 54 Id., 245. *Chicago v. McGiven*, 78 Ill., 347. *Coates v. Canaan*, 51 Vt., 131. *Wilson v. Charlestown*, 8 Allen, 137.

*J. B. Strode* and *Bryon Clark*, for defendant in error.

There was no contributory negligence. It was a question for a jury to determine whether a party injured exercised due care. *Smith v. Lowell*, 6 Allen., 39. *Cuthbert v. Appleton*, 24 Wis., 383. *Rice v. Des Moines*, 40 Iowa, 642.

REESE, J.

This was an action against plaintiff in error for damages resulting from a personal injury to defendant in error, occasioned by a defective sidewalk on one of the streets of plaintiff in error. The verdict was in favor of defendant in error—plaintiff below—and the defendant city prosecutes error to this court.

The facts of the injury may be briefly stated as follows:

Defendant in error and another person were walking upon the sidewalk· on which the accident occurred, when the individual accompanying him stepped on the end of a loose board, outside the underlying stringer. This elevated the end of the board in front of defendant in error, and he was thereby thrown down, receiving severe injuries by the fall. It is alleged in the petition, and was proven to the satisfaction of the jury, that the sidewalk in question was defective in its construction, had long been out of repair, and that the defect and want of repair were known to the officers of plaintiff in error. The testimony on these questions was conflicting, and as there was sufficient proof to sustain the finding against plaintiff in error, that part of the case, under the well established law of this state, cannot be molested. While it may be true that there was no

notice of the looseness of the particular plank which occasioned the injury, yet there was sufficient proof of notice of the bad condition of the sidewalk in general at the place where the accident occurred, the loose condition of the boards, and the defects in the construction of the walk, to meet all the requirements of notice of the defect which cased the injury.   *City of Lincoln v. Woodward*, 19 Neb., 259.   The contention, therefore, that " the ·defect in the sidewalk by which defendant in error received his injury was a latent defect," need not be further noticed.

It is next insisted " that defendant in error knew of this latent defect, and did not exercise that care and caution which, under the circumstances, he was compelled to exercise to enable him to recover damages from the city."

Upon examination of the instructions given to the jury by the trial court, we find that the question of contributory negligence was submitted to them, and they were directed that in case they found that the negligence of defendant in error contributed to the injury, he could not recover.

The jury were justified in finding from the evidence that the sidewalk on sixth street, in front of the Cottage House (the place where the accident occurred), had been defective for a number of months, and that there was scarcely a time when some of the cross boards were not loose.   That both the city officers and defendant in error knew of this condition.   That other persons had been thrown by the boards in much the same manner as defendant in error was thrown.   That the accident occurred in the daytime, while all apparent defects might be seen, and that defendant in error was walking near one side of the sidewalk in company with his associate, using such care as people ordinarily use under such circumstances.

Among a number of other instructions, the following was given :

3d.   Under ordinary circumstances, persons traveling on the streets by the usual modes are required to use ordi-

nary care only; and you should presume that plaintiff exercised such care, unless the evidence shows negligence or fault on his part. In determining whether there was negligence on his part which contributed to the injury received, and of which plaintiff complains, you have a right to consider his knowledge at the time of the unsafe condition of the sidewalk over which he was passing; for if he had such knowledge, the law would require of him more care than it would otherwise do. But it is for you to determine from the evidence and circumstances of the case whether he was guilty of contributory negligence, and if he was, he cannot recover.

This instruction fairly submitted the question of contributory negligence to the jury. It was for them to say, from all the evidence in the case bearing upon the conduct of defendant in error at and prior to the accident, whether he was negligent, and whether such negligence, if proven, contributed to the injury. It would be quite difficult to establish an inflexible rule by which we, as matter of law, could say whether the conduct of defendant in error was or was not negligent. If he knew the board upon which his associate was about to step was loose, or if he had good reason to believe such was the case, he would naturally hesitate till the danger was past, before crossing it. Yet he had the right, in the absence of such knowledge, to presume the walk was safe, and pass along in the natural and usual way and with the usual reliance of pedestrians in passing over a walk in the condition in which he knew this to be. Or, stating the proposition differently, he was not required to presume that each board in place was a trap, leave the walk, and walk in the street. His whole conduct was for the scrutiny of the jury, and it was for them to say whether or not he was negligent. They appear to have thought not, and by their conclusion we must abide.

The next and last contention of plaintiff in error is, that

it can in no event be held liable, as the sidewalk was constructed without its authority or direction, but by a private person, in front of his property, and that the city never at any time had control of it.

Upon this point it would be sufficient to say that there was some proof that the city did assume jurisdiction over the walk, and by its council ordered its officers to notify the owner to repair it. The chief of police, acting under instructions, notified the owner of the order of the council to repair the walk at one time, and assumed jurisdiction over this walk, the same as the other walks of the city. This was enough to fasten the liability of plaintiff in error.

But we do not think that proof of the assumption of this jurisdiction was at all necessary. The evidence shows, beyond any question, that the sidewalk where the accident occurred was in constant use, and had been for a long time—many years; and that, aside from the main business street of the city, it was on one of the most public thoroughfares. It is the duty of the city to see that all its public highways, in general use, are made and kept in a reasonably safe condition. It has authority to require the removal of obstructions, and in default of such removal, to punish the offender and remove the obstruction.

If the street, being a thoroughfare in general and constant use, is obstructed by a sidewalk for a series of years, which is an element of danger, it is clearly the duty of the city to cause the danger to be removed, and in case of a a defective segment of sidewalk, on the line of travel over other walks, it would be equally as liable as if the walk had been constructed by its express order. *Luck v. City of Ripon*, 52 Wis., 196; 4 Waite's Ac. and Def., 536. *Oliver v. City*, 69 Mo., 83. *Weare v. Fitchburg*, 110 Mass., 334. *City of Bloomington v. Bay*, 42 Ill., 503. Dillon on Municipal Corporations, § 1017 *et seq.*

We have examined all the testimony and the instructions of the court, and find in the former sufficient to sus-

tain the findings of fact, and in the latter no misstatement
of the law.

It follows that the judgment must be affirmed.

JUDGMENT AFFIRMED.