VILLAGE OF IMPERIAL v. W. T. WRIGHT.

[FILED MAY 19, 1892.]

**Villages:** UNACCEPTED ADDITIONS: UNSAFE STREETS. Under the provisions of section 77, chapter 14, Compiled Statutes, a street or alley in an addition to a village or city of the second class of 5,000 inhabitants is not under the control of the city council or board of trustees until the dedication is accepted and confirmed by an ordinance especially passed for that purpose, and such village or city will not be liable for accidents caused by negligence in leaving excavations in such streets uncovered and unprotected.

ERROR to the district court for Chase county. Tried below before COCHRAN, J.

*A. B. Taylor*, and *J. Byron Jennings*, for plaintiff in error:

Testimony as to the defective condition of the streets at other places beyond the defect which caused the injury was improper. (*Dundas v. Lansing*, 42 N. W. Rep. [Mich.], 1014; *Tice v. Bay City*, 44 Id., 53.) As to contributory negligence: *Lincoln v. Gillilan*, 18 Neb., 120; *Plattsmouth v. Mitchell*, 20 Id., 230; *Omaha Horse Ry. Co. v. Doolittle*, 7 Id., 481; *P., Ft. W. & C. R. Co. v. Krickbaum's Adm'rs*, 24 O. St., 119. As to acceptance of the dedication: *Bowers v. Suffolk Mfg. Co.*, 4 Cush. [Mass ], 338, 340; *Hamilton v. R. Co.*, 15 N. E. Rep. [Ill.], 856–7, and cases; *Kennedy v. Cumberland*, 9 Atl. Rep. [Md.], 234; *In re Rebuilding Bridge*, 3 N. E. Rep. [N. Y.], 679; *Laughlin v. Washington*, 19 N. W. Rep. [Ia.], 819; *Wisby v. Bonte*, 19 O. St., 246; *Keyes v. Tate*, 19 Ia., 123; *State v. Tucker*, 36 Id., 487; *State v. Green*, 41 Id., 695; *Hyde, Adm'r, v. Jamaica*, 27 Vt., 454; *Blodgett v. Royalton*, 14 Id., 288; *State v. Richmond*, 1 R. I., 49; *Green v. Canaan*, 29 Conn., 157; *Rex v. Parish of St. Benedict*, 4 Barn. & Ald. [Eng.], 447.

*S. E. Starry*, and *S. S. Bishop, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Chase county by the defendant in error against the plaintiff in error, the cause of action being stated as follows:

"At the time hereinafter mentioned the defendant was, and now is, a corporation duly organized under the laws of the state of Nebraska, with lawful authority to sue and be sued.

"Second— * * * that on the 1st day of December, 1888, there was, and from thence hitherto has been, a public street and highway in the incorporate village of Imperial, in Chase county, Nebraska, called Broadway street.

"Third—Said street at the time aforesaid was and is a common highway, and open for the use of the public.

"Fourth—The defendant, well knowing the premises during the months of October and November, 1888, and prior to the first day of December, 1888, wrongfully permitted holes or excavations to be made or digged in said street, and wrongfully and unlawfully and negligently permitted the same to remain open, uncovered, and unguarded, and without any proper precautions to prevent accidents by driving, stepping, or falling into the same, in consequence of which said plaintiff on the 1st day of December, 1888, while lawfully driving on said street in a wagon after nightfall, and driving a span of horses belonging to said plaintiff, was and without any warning or knowledge of the existence of said trench or hole in said street, and without any fault or negligence on plaintiff's part, one of said horses belonging to said plaintiff fell into said hole or excavation, and said horse was thereby very seriously injured and totally ruined, by reason whereof said horse, on the 22d day of January, 1889, died, to plaintiff's damage in the sum of $100.

" Fifth—The plaintiff further complains of the defendants for that plaintiff was compelled to pay the sum of $31.60 for medical services and medicines in his efforts to cure said horse of said injury caused by falling into said trench or hole or excavation in said street in said village of Imperial.

" Sixth—The plaintiff further complains of defendant for that on account of the care required by said horse by reason of said injury plaintiff was unable to attend to his business for the space of more than six weeks, to his damage in the sum of $15, for extra care and loss of time; in all to the plaintiff's damage in the sum of $146.60.

" Seventh—Said horse was at the time above mentioned the property of the plaintiff, and as such plaintiff he had a valuable interest in the same.

" Eighth—The plaintiff therefore prays judgment against the defendant for the sum of $146.60, with interest thereon from the 1st day of December, 1888, and costs of suit."

In its answer the village admitted its incorporation, but denied all other allegations in the petition, and also alleged that the street named at the point where the injury occurred was not at the time of the accident within the corporate limits of the village, and that its corporate authorities had no right to use or control the same. On the trial of the cause the jury returned a verdict in favor of Wright for the sum of $146.10 with interest, and costs of suit, and a motion for a new trial having been overruled, judgment was entered on the verdict. On page 48 of the record we find the following stipulation : " It is stipulated in open court that the defendant, at no time prior to the happening of said accident, accepted or confirmed the dedication of the streets and alleys in the Railroad addition, where this injury occurred, by special ordinance passed for that purpose." The last clause of section 77, chapter 14, Compiled Statutes, entitled " Cities of the second class and villages," provides, " and that no

street or alley which shall hereafter be dedicated to public use by the proprietor of grounds in any city or village shall be deemed a public street or alley, or to be under the use or control of the city council or board of trustees, unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose." It is conceded that no such acceptance had taken place and the village had no control over that part of the street in question where the accident occurred, and therefore is not liable for the injuries. Notwithstanding the statute, there is no doubt that if a municipal corporation in fact accepted an addition and assumed to take charge of and keep its streets in repair, it would be liable for a neglect of its duty in that regard.   In other words, " the right being one it was authorized to exercise, and having exercised the same although in an irregular manner, it must perform its duty in that regard." This rule was applied in *Plattsmouth v. Mitchell*, 20 Neb., 228. But there is no proof tending to establish an acceptance of such addition and the control of the streets therein by the municipal authorities.   There was no liability on the part of the village, therefore, for the loss of the horse in question. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.