### STEWART v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit.   October 19, 1922.)

#### No. 5774.

Railroads ⬤⟿307(4)—Ordinance requiring signals at "street crossings" held applicable only to recognized streets.

> Under Rev. St. Neb. 1913, § 5141, providing that no street dedicated by the owner to public use in a city or village shall be deemed a public street, or be under control of the city council or board of trustees, "unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose," a village ordinance requiring flagmen or automatic signals at railroad crossings of streets *held* applicable only to streets which have been duly accepted by ordinance.

> [Ed. Note.—For other definitions, see Words and Phrases, Street Crossing.]

In Error to the District Court of the United States for the District of Nebraska.

Action at law by William A. Stewart, administrator, against the Chicago, Burlington & Quincy Railroad Company and others.   Judgment for defendants, and plaintiff brings error.   Affirmed.

Allen W. Field, Arnott C. Ricketts, and Lowe A. Ricketts, all of Lincoln, Neb., for plaintiff in error.

Byron Clark, of Omaha, Neb., M. V. Beghtol, of Lincoln, Neb., and J. L. Root and J. W. Weingarten, both of Omaha, Neb., for defendants in error.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge.   This is an action by an administrator to recover for the death of John William Stewart caused by a collision at a railway crossing in or near the village of Greenwood, Neb., between a railway train, operated by defendants, and an automobile, driven by deceased.   From judgment upon a verdict for defendants, directed at the conclusion of the evidence of the plaintiff, this writ of error was obtained by plaintiff.

Plaintiff in error urges here two points: First, erroneous exclusion of an ordinance of the village of Greenwood concerning danger signals at railway crossings; and, second, sufficiency of the evidence.

While the entire ordinance was offered, the part material to this case was section 4, which is as follows:

"*Semaphores, Flagging and Crossings.*   It shall be the duty of each and every railroad company or corporation operating any railroad within the corporate limits of this village, to provide, erect or maintain at all street crossings in the said village, where said railroad crosses the streets in said village, and where there is grave danger of injury to persons, teams or to the public in crossing said railroad tracks or right of way, a semaphore, automatic bell, or signal, by flagging, or lighting or other means, to warn the approach of cars, engines or rolling stock and to amply and fully protect, warn and notify persons approaching to cross or crossing such railroad right of way."

The basis of the objection to this evidence and of the ruling excluding it was that no proper foundation had been laid for its introduction because it had not been shown that the place of the accident was within the terms of the ordinance.   There was sufficient testimony tending to establish that the crossing was over a roadway, within the village limits, which had long been used as a public highway.   However, a statute of the state of Nebraska enacted in 1879 (page 222, Laws Neb. 1879) and carried down into the present law (section 5141, R. S. Neb. 1913) provides:

"No street or alley which shall hereafter be dedicated to public use by the proprietor of ground in any city or village, shall be deemed a public street or alley, or be under the use or control of the city council or board of trustees unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose."

There was an utter lack of proof that this highway, if dedicated, had ever been "accepted and confirmed" by any ordinance.   Plaintiff in error recognizes this situation and seeks to avoid the effect thereof by urging a dedication and acceptance through long usage.   This is not sufficient.   No evidence dates the usage to a time prior to the enactment of the statute in 1879.   Clearly one of the objects of that statute was to replace, thereafter, such presumption of acceptance through usage by requiring an exclusive form of acceptance, to wit, "by an ordinance especially passed for that purpose."   This construction follows the Supreme Court of Nebraska which, in Village of Imperial v. Wright, 34 Neb. 732, 52 N. W. 374, said:

"Until the dedication is accepted and confirmed by an ordinance especially passed for that purpose, and such village or city will not be liable for acci-

dents caused by negligence in leaving excavations in such streets uncovered and unprotected."

This evidence was properly excluded for the above reason.

Plaintiff in error challenges the direction of a verdict for defendants, contending that the evidence was sufficient to require submission to the jury. We have painstakingly examined the entire evidence, including photographs and blueprint and are convinced that the trial court was right in directing the verdict.

The judgment should be and is affirmed.