[No. 2387. Decided December 7, 1896.]

FREDERICK TAAKE, *Appellant*, v. THE CITY OF SEATTLE,
*Respondent*.

APPEAL—DISMISSAL AS TO ONE RESPONDENT—EFFECT—UNAUTHORIZED
STREET—LIABILITY OF CITY FOR DEFECTS IN.

The fact that a joint judgment has been rendered for defendants
in an action against a city and a railway company to recover for in-
juries received through their negligence in maintaining a defective
street, and that on appeal therefrom by the plaintiff but one appeal
bond to both defendants as joint obligees has been given, will not
preclude appellant from subsequently dismissing as to one respon-
dent and maintaining his appeal as to the other.

Although a city may have no right to lay out a street over tide
lands belonging to the state, yet where a street has been laid out
over such land, used by the city as a highway and the public invited
to use it as such, it becomes the duty of the city to maintain it in
proper repair, and to protect the life and limb of those so invited to
travel upon it.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.    Reversed.

*Brady & Gay*, and *A. E. Isham*, for appellant :

When the city of Seattle has by its public acts de-
clared Railroad avenue to be a public street, and by
its acts extended Spring street across Railroad avenue
to the harbor line, and ordered the city wharf to be
built on Spring street, on the west boundary line of
Railroad avenue, fronting upon the avenue, and held
out this place to the public as a public thoroughfare

for a period of over three years before the injury to the appellant, made repairs upon the street, and notified the railroad companies to make repairs upon the public street, our contention is that, as against the traveling public, the city is forever estopped from denying that this place was a public street, and that it was the duty of the city to keep it in a proper condition of repair. *Houfe v. Town of Fulton,* 34 Wis. 608 (17 Am. Rep. 463); *Mayor v. Sheffield,* 4 Wall. 189; *Seymour v. Village of Salamanca,* 33 N. E. 304; *Detwiler v. Lansing,* 55 N. W. 361; Thompson, Negligence, p. 769; *Rosedale v. Golding,* 40 Pac. 284; *Gallagher v. St. Paul,* 28 Fed. 305; *White v. San Antonio,* 25 S. W. 1131; *Austin v. Ritz,* 9 S. W. 884; *Sewell v. Cohoes,* 75 N. Y. 45 (31 Am. Rep. 418). As to what constitutes proof that a street was public, we cite the case of *Phillips v. Huntington,* 14 S. E. 17; *Phelps v. Mankato,* 23 Minn. 276; Elliott, Roads and Streets, p. 457.

*John K. Brown,* and *F. B. Tipton,* for respondent :

The place where plaintiff claims to have been injured was not within any portion of a public street of the city of Seattle, and said city was under no legal obligation to keep said place in repair or in a safe condition.    2 Dillon, Mun. Corp. (4th ed.), § 1017; Jones, Negligence of Municipal Corporations, p. 133.

"A town sued by reason of a defective highway may deny its existence, if not established in accordance with the statute." 2 Beach, Pub. Corp., § 1462; *Wentworth v. Rochester,* 63 N. H. 244.· It is also a well determined principle of law, that where a highway is made under a statute or ordinance which it is beyond the power of the enacting body to pass, no duty is created on the part of the municipal body to keep it in a proper condition for travel.    In order to charge

a municipal corporation in an action for negligence in the performance of a public work, the law must have imposed a duty or conferred an authority to do such work. 2 Beach, Pub. Corp., § 1499; *Mayor v. Cunliff*, 2 N. Y. 165; *Thayer v. Boston*, 19 Pick. 511 (31 Am. Dec. 157); *Cavanagh v. Boston*, 139 Mass. 426 (52 Am. Rep. 716); *Cuyler v. Rochester*, 12 Wend. 165; *Smith v. Rochester*, 76 N. Y. 506; Elliott, Roads and Streets, p. 355.

From the foregoing rule of law another logically follows, to wit: That where there is no legal duty there is no liability, and that legal negligence cannot be predicated upon an omission to do what there is no legal right to do. 2 Dillon, Mun. Corp. (4th ed.), § 1009; *Carpenter v. Cohoes*, 81 N. Y. 21 (37 Am. Rep. 468); *Veeder v. Little Falls*, 100 N. Y. 343.

Appellant claims that the city is estopped from denying that the place where the accident occurred was a public street, but on no principle of the law can a municipal corporation be said to be estopped from denying that it has done an act which is *ultra vires*. *Mayor v. Cunliff*, 2 N. Y. 165; *Worley v. Columbia*, 88 Mo. 106; *Wakefield v. Newport*, 60 N. H. 374; 2 Dillon, Mun. Corp. (4th ed.), §§ 968, 969, 969a.

The opinion of the court was delivered by

DUNBAR, J.—This is an action against the city of Seattle for alleged injuries sustained in falling through an unguarded hole in the street. The respondent moves to dismiss the appeal for the reason that the plaintiff sued the respondent city and the Seattle, Lake Shore and Eastern Railway Company. Judgment was rendered against the plaintiff and in favor of both defendants. From this judgment, plaintiff took his appeal by one notice directed to both respondents,

and gave one appeal bond to both respondents as joint obligees. Since the appeal, the appellant has filed in this court a stipulation signed by his attorneys and the attorneys for the respondent, the Seattle, Lake Shore and Eastern Railway Company, by which appellant stipulates that in this cause the appeal of plaintiff and appellant shall be, and is, dismissed as against the defendant, the Seattle, Lake Shore and Eastern Railway Company.

It is argued by the respondent that inasmuch as plaintiff's appeal is from the entire judgment and not from a part of it, he cannot now, after time to appeal has elapsed, change the nature of his appeal by a stipulation with one of the respondents to which this respondent was not a party; that the dismissal as to one respondent renders the appeal bond worthless as to the other respondent, and therefore that the remaining respondent has no security for the costs of the appeal. We do not think there is sufficient merit in this motion on which to base a dismissal. The appellant could have appealed from that portion of the judgment only which was in favor of respondent. We cannot see that the respondent is in any way injured or affected by the dismissal of this appeal, so far as the Lake Shore and Eastern Railway Company is affected, nor do we think that the bond given on appeal would be affected by this dismissal. The motion to dismiss will therefore be denied.

The answer to the complaint of the appellant, so far as it is relevant to the discussion of this case is as follows :

" That the place where plaintiff is alleged to have been injured is not now, nor has it ever been a public street or highway of the City of Seattle or any part of a public street or highway or a public place at all,

nor at any time within the control of the City of Seattle."

Upon the issues thus framed, the case went to trial before a jury. After the testimony was submitted the respondents challenged the sufficiency of the evidence, the case was taken from the jury, and the action dismissed with costs in favor of the respondents. From this action and judgment of the court this appeal is taken.

The defense to this action is based largely upon the respondent's construction of the decision of this court in *Seattle & Montana Ry. Co. v. State*, 7 Wash. 150 (38 Am. St. Rep. 866, 34 Pac. 551). All that was decided in that case, so far as this street was concerned, was that the city had no right to donate the right of way over tidelands to railway companies, thereby depriving the state of its constitutional right to the same. It is not a defense to this action, even if it be conceded that the city had no authority to lay out this street. The right of the party injured to obtain redress does not depend upon the technical rights of a city to maintain a street. If, as a matter of fact, this street was laid out by the city of Seattle, was used by it as a street, and the public were invited to use it as such, it becomes its duty to maintain it in proper repair, and to protect the life and limb of those whom it invites to travel upon it, and the ordinary traveler is not called upon to examine the technical legality of the proceedings of the city in opening or laying out the street; so that the question in this case is, was there testimony tending to show the user by the public, at the instance or invitation of the city, of the street at the place where this hole was left unguarded, and where the alleged injuries were sustained.

An examination of the testimony introduced, and

of other testimony which was offered and rejected, convinces us that there was sufficient testimony on that point to go to the jury, and, if believed by the jury, to sustain a verdict. The judgment will therefore be reversed and the cause remanded with instructions to deny the challenge to the sufficiency of the testimony.

SCOTT and ANDERS, JJ., concur.

HOYT, C. J., dissents.

GORDON, J., not sitting.