## ADA HEMPHILL, Respondent, v. CITY OF MOREHOUSE, Appellant.

St. Louis Court of Appeals.   Argued and Submitted December 4, 1911.   Opinion Filed January 9, 1912.

1. **APPELLATE PRACTICE:** Defects in Abstract: Remedy.   The appellate court will not affirm a judgment because of defects in the abstract; the proper motion to reach such defects being a motion to dismiss the appeal.

2. ———: ———: Rule 33 Construed: Waiver of Defects: Defects Cured How.   Rule 33 of the St. Louis Court of Appeals was adopted pursuant to the power conferred upon the court by section 2048, Revised Statutes 1909, for the purpose of preventing cases being disposed of on defects in the abstract which are of such a character as are susceptible of amendment. If the respondent fails to attack the abstract by motion, as required by the rule, it will be assumed that all defects, except statutory requirements, which cannot be dispensed with, are waived; but if, after such attack and after appellant has been given an opportunity to correct the defects by amended or supplemental abstract, fatal defects still appear, the court will dismiss the appeal for failure to comply with its rules, and an affidavit by counsel or an affidavit or supplemental certificate of the clerk of the trial court concerning matter omitted from the abstract will not supply such omission.   [Per REYNOLDS, P. J.; NORTONI and CAULFIELD, JJ., not concurring.]

3. ———: ———: ———: ———.   A respondent, who failed to comply with Rule 33 of the St. Louis Court of Appeals, by filing written objections to appellant's abstract, specifying the defects therein, and who, in accepting service of the abstract, agreed that "it was abstract of record" and to waive time and informality, is *held* to have waived informalities in the abstract as well as the failure to file it in time.

4. ———: ———: Jurisdictional Matters.   The appellate court may of its own motion notice—in fact, is bound to notice—

Hemphill v. Morehouse.

defects in an abstract relating to matters which, under the statutes regulating practice, are essential to jurisdiction of the cause, on appeal.

5. BILLS OF EXCEPTIONS: Matters to be Preserved In: Demurrer to Evidence. Rulings on demurrers to the evidence interposed at the close of plaintiff's case and again at the close of all the evidence and the saving of exceptions thereto have no place in the judgment rendered on the verdict, but must be incorporated in the bill of exceptions.

6. APPELLATE PRACTICE: Examining Short Record. Where the judgment appealed from is not set out in the abstract of the record filed by appellant, the court, on appeal, will look to the short transcript as filed and certified to by the clerk, but when the court does that, it can take notice of such matters only as are properly in the judgment and the order allowing the appeal.

7. MUNICIPAL CORPORATIONS: Undedicated Street: Injury to Pedestrian: Liability of City. In an action against a city for injuries received by a pedestrian on a defective sidewalk, it was shown that at the point where the accident occurred, the street had not been dedicated as a public street, and that the city, prior to the accident, had not exercised any control over it, but had caused the sidewalk to be repaired after the accident; that sidewalks had been constructed over the street by the adjacent property-owners and that they recognized it as a public street; that it had been used by the public, both for the passage of vehicles and foot travel, for over ten years; that the city authorities knew of such use, and knew or ought to have known of the dangerous condition of the sidewalk; and that plaintiff, while walking along the sidewalk, was caused to fall, by reason of the defect. Held, the case was one for the jury.

8. ————: ————: ————: Evidence of Repairs: Admissibility. The fact that a city, after a traveler was injured on a defective sidewalk, repaired the sidewalk, was competent to show assumption of control of the sidewalk by the city.

9. APPELLATE PRACTICE: Review: Motion for New Trial: Matters not Contained Therein. Where a motion for a new trial does not assign error to any instructions given by the court on its own motion, the appellate court will not review any instruction so given.

10. DAMAGES: Personal Injuries: Excessive Recovery. In an action against a city for injuries received by a woman on a defective sidewalk, a verdict for $2000 held not to be excessive.

Appeal from Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*J. V. Conran* for appellant.

(1) The record discloses the undisputed fact that respondent did not show that she was hurt at the place set out in her petition. The demurrer offered by appellant at the close of the testimony should have been sustained. There was variance between the testimony and the petition. Groll v. Tower, 85 Mo. 249; Lind v. Vaughn, 17 Mo. 585. (2) L. W. Hart, witness for respondent, was asked the following question by counsel: "Who ordered individuals to put it in there, doctor, where that—?" to which the witness in answer, says: "Last summer we ordered them to," whereupon counsel for appellant interposes objection. This testimony was prejudicial to appellant and was too remote to be competent. Benton v. St. Louis, 217 Mo. 709. (3) Instruction No. 1, given by the court for respondent does not properly declare the law. It is not controverted, that the walk and street referred to, was the right of way of the St. Louis Iron Mountain & Southern Railroad. Atkinson v. City of Nevada, 133 Mo. App. 1; Foster v. Kansas City, 114 Mo. App. 730; Benton v. St. Louis, supra; Downend v. Kansas City, 156 Mo. 60.

*Traylor & Baker* and *Brewer & Riley* for respondent.

(1) The court did not err in admitting proof that the city authorities ordered the sidewalk at the place where the injury occurred to be rebuilt in the summer of 1909; the issue being street or no street. Benton v. St. Louis, 217 Mo. 709. (2) It was not necessary for respondent to show that this particular part of front street was ever platted, dedicated or that any repair of said street was made prior to the injury. It is sufficient for respondent to show that the public gen-

erally had used this part of front street for more than ten years and that this walk had been constructed and used by the public generally for more than ten years; and such use was sufficient as to notify the city officials of its being used as a public thoroughfare. Moss v. Springfield, 101 Mo. 617; Meiners v. St. Louis, 130 Mo. 284. (3) Conceding for the sake of this case that the court erred in permitting respondent to show that, after the injury to respondent, the city ordered sidewalk be built at said place, and conceding further that instruction No. 1, given for the plaintiff, was error, yet if the facts in this case show that plaintiff ought to recover then said errors of the court are harmless. R. S. 1909, sec. 2082; King v. King, 155 Mo. 425; Coleman v. Reynolds, 207 Mo. 477; Noble v. Blount, 77 Mo. 235.

REYNOLDS, P. J.—This is an action by plaintiff, respondent here, to recover damages for an injury said to have been received by her in consequence of falling through a defective sidewalk in the city of Morehouse, a city of the fourth class. The answer was a general denial. The jury returned a verdict in favor of plaintiff in the sum of $2000 and judgment followed. From this plaintiff has appealed.

A short form of transcript was filed in this court on the 10th of September, 1910. This transcript sets out that on the 29th of March, 1910, that being the 8th day of the March term of court, the cause came on for trial; that a jury was impaneled, naming them, and the trial progressed; that at the close of plaintiff's evidence defendant offered a demurrer which was overruled by the court, "to which defendant excepts;" that the trial again progressed and at the close of all the evidence the defendant again offered a demurrer to all the evidence, which demurrer was overruled by the court, "to which ruling of the court defendant excepts," and the trial being finished the

jury returned a verdict for plaintiff in the sum of $2000; that it was signed by ten of the twelve jurors, giving their names. The judgment entry then proceeds: "It is therefore considered by the court that the plaintiff recover of the defendant the said sum of two thousand dollars, the damages aforesaid as assessed together with her costs and charges in this behalf expended and have execution therefor." This transcript further proceeds to set out that afterwards on the 2nd of April, it being the twelfth day of the March term, 1910, defendant filed its motion for a new trial and also in arrest of judgment, and that on the same day these motions were taken up, submitted to the court and overruled, "to which ruling of the court the defendant excepts." Following this in the transcript it is certified that defendant, by attorney, "files its affidavit for appeal herein, which affidavit is found by the court to be sufficient under the statutes, and the court grants the defendant an appeal herein to the St. Louis Court of Appeals, and the court further grants the defendant ninety days in which to file its bill of exceptions herein and now comes the defendant and deposits with the clerk the sum of ten dollars, the docket fee in this cause in the St. Louis Court of Appeals." All of this is certified to by the clerk of the circuit court of New Madrid county, attested by seal. On the 15th of May, 1911, appellant filed what purports to be a full abstract of the record and on the 17th of May filed its statement and brief. The cause was docketed for hearing in this court June 9, 1911. On the 2nd of June, the respondent filed a motion to affirm the judgment, accompanying this with a statement and brief and on the 8th of June the appellant filed affidavits in opposition to this motion which set out as the facts, among others, that the bill of exceptions was duly perfected within the time granted and as extended, and that the abstract had been accepted by counsel for respondent. On the 9th of June this

court overruled the motion to affirm and continued the cause to the October, 1911, term. On the 29th of November counsel for respondent filed their statement and brief and the cause being docketed for hearing for December 4, 1911, it was argued by respondent and taken as submitted on brief by appellant. We have set out these dates and matters for the purpose of calling attention to Rule 33 of this court which was adopted July 12, 1910, and went into effect August 1st of that year, and consequently applies to the abstract filed in this case May 15, 1911. The motion to affirm was overruled as we cannot affirm a judgment because the abstract is defective; the proper motion to reach defects in the abstract is a motion to dismiss the appeal. Even if it had been treated as a motion to dismiss the appeal, this motion was not filed within the time required by Rule 33 of this court if it is sought to attack the abstract. That rule provides that if "a respondent wishes to question the sufficiency of the appellant's abstract of the record, he shall file his objections in writing in the office of the clerk of this court within ten days after a copy of said abstract of the record has been served upon him." This motion was filed only seven days before the cause was docketed for hearing. Furthermore, on the copy of the abstract, which was filed in this court on the 15th of May, is this indorsement: "Service accepted. Agreed that this is abstract of record, time and informality waived." This is signed by all the attorneys who appear as counsel of record for respondent. While no date of this indorsement appears it was obviously made prior to May 15, 1911, as the abstract was filed in court with this indorsement on it on that date. It will be observed that it was after counsel for respondent had waived informalities in the abstract that they attacked that abstract for informalities. Evidently the abstract had been served on counsel more than ten days before they filed the motion to affirm, and that

if their waiver meant anything, it meant that they had waived compliance with Rule 12 of this court, which requires abstracts to be filed at least thirty days before the cause is set for hearing, and had waived its defects. We therefore concluded that counsel for respondent were in no position to demand that the appeal be dismissed either because the abstract was filed out of time or because it was insufficient. The object of Rule 33 of our court, as stated in that rule itself, was to avoid disposing of appeals on points of appellate procedure, mainly the insufficiency of abstracts of record, and to facilitate the disposition of appeals on their merits. If the defects can be cured by resort to the record proper and to the bill of exceptions, we intend to give appellant an opportunity to cure them. This court is without power, by its rules, to dispense with statutory requirements in matters of appeal, bill of exceptions and abstracts, but it is within its right in endeavoring to see that the abstract is a correct summary of what transpired and is duly preserved, and that cases presented for determination are not thrown out of court when the defects in the record, as brought up, are of such a character that they can be amended. Section 2048, Revised Statutes 1909, vests in the Supreme and appellate courts the power to prescribe by rule the time within which and the manner—meaning form—in which abstracts shall be filed. We endeavor to effect this by our Rule 33, which requires counsel for respondent or defendant in error, when claiming that an abstract fails to show essential matters, by motion and within ten days after being served with a copy of that abstract, to call attention to the alleged defects in the abstract by an appropriate motion, and so give counsel for appellant or plaintiff in error, if it is within his power, an opportunity to correct the alleged defects in the abstract either by a supplemental or amended abstract. If notwithstanding this supple-

mental abstract, fatal defects, lack of essential matters, still appear, the court will dismiss the appeal for failure to comply with its rules. Failing proper attack by motion, we assume that defects are waived. Independent of the rule, the court may, of its own motion, notice—in fact, is bound to notice—matters which under the statutes regulating practice, are essential to jurisdiction over the cause on appeal. But we will not tolerate counsel lying by until a case is called for hearing, or within a few days before that, and then spring a point, which if due opportunity had been afforded, could have been taken out of the case.

It may be said of this abstract before us that it violates almost every rule of this court and disregards numerous decisions of this court as well as of the Supreme Court as to the requisites of a correct abstract.

We have set out the short form of transcript to which the clerk of the court has certified and which was filed with us, for the purpose of calling attention to the fact that that judgment as entered sets out many matters which have no place in a judgment. Many of the matters there set out can only appear by being incorporated in a bill of exceptions. Putting them in the judgment does not bring them before us. For instance, the action of the court on demurrers had no place whatever in this judgment, nor had the statement in that judgment of the saving of exceptions to the action of the court any place there. These matters can only appear and only become matters of record by being saved in and by the bill of exceptions. While we have held in several cases that if the judgment is not set out in the abstract thereafter filed by appellant or plaintiff in error, that we will look to the short transcript as filed and certified to by the clerk, but when we do that we can only take notice of the matters properly in the judgment, as also the order allowing the appeal. In the case before us the ab-

stract filed by counsel does show, but as of the bill of exceptions, the taking of the appeal, the filing of demurrers and the exception to the action of the court in overruling them, the filing and overruling of the motion for new trial, etc., but all that appears of what might be called the record proper in this abstract is the petition in the case, the amended petition and the answer. Beyond that everything appears as of matter contained in the bill of exceptions. It may be, that all these matters are properly of record. Hence our Rule 33, that the appellant must be given an opportunity, on motion filed in apt time, by amended abstract, to show them. An affidavit by counsel or by the clerk, or a supplemental certificate by the clerk, of matter not incorporated in the abstract, will not do this.

But as counsel for respondent did not see fit to attack the abstract within the time or manner provided by Rule 33 of our court, and have waived informalities in the abstract, we do not see fit to take up these defects ourselves and, disregarding them, have examined into the merits of the case so far as we are able to do from the very defective abstract before us.

It appears that the point on what is called Front Street at which the accident occurred, was beyond the platted portion of Front Street; that there had been no dedication of it as a public street, and that prior to the happening of the accident, the city had not undertaken to exercise control over the street or its sidewalks. It also appears that this street as used is partly on and partly off of the right of way of the Iron Mountain Railroad, that being about fifty feet wide and its south edge some thirty or forty feet south of the tracks of the Iron Mountain Railroad. It appears, however, by the evidence in the case that for more than ten years, a witness said for thirteen years, prior to the happening of the accident, the ground, which is an extension of Front Street as that street

is platted, had been used by the public both for the passage of vehicles and for foot travel and that sidewalks had been constructed along it by the several owners of the adjacent lots, over which the public had traveled without question for that length of time. It was while walking over this sidewalk with her husband at night that plaintiff fell into a hole in it and was injured. The fact that she was seriously injured, being confined to her bed in a hospital for several months, is amply sustained by evidence in the case. There is also evidence tending to prove that the city authorities knew of the use of this street and sidewalk by the public and knew or ought to have known of the dangerous condition of the sidewalk. There is evidence tending to show that plaintiff was walking along the sidewalk with her husband, unaware of the particular defect which was the cause of her fall and injury. Under these facts, on the authority of the decision of our Supreme Court in Benton v. City of St. Louis, 217 Mo. 687, 118 S. W. 418, we hold that the city was liable in damages for the accident. The evidence shows beyond any doubt that whether the street had been formally dedicated or not, it had been used by the people of the city as a public street for over ten years. The railroad company, the adjoining owners, so recognized it. After this accident the city caused this sidewalk to be repaired. This latter fact was held in Benton v. City of St. Louis, supra, l. c. 709, to be competent as showing assumption of control of the sidewalk by the city. With these facts in evidence, the case was one for the jury. It is unnecessary to go into a discussion of the law here applicable, as that is done so thoroughly by Judge LAMM in Benton v. City of St. Louis, supra.

Counsel for appellant argues that instruction No. 1, ''given by the court for respondent does not properly declare the law,'' and he then quotes what he designates as this instruction No. 1. An inspection of

the abstract discloses no instructions whatever given at the instance of respondent. That which counsel quotes as No. 1, is given in the abstract under the heading "Court's Instructions." There is no suggestion even, in the abstract, that it was given at the request of respondent. Treating it, as we must. as one given by the court at its own instance, and finding, by referring to the motion for a new trial, no error assigned to any instruction given by the court at its own instance, we are precluded from noticing this instruction.

It is claimed that the verdict is excessive. On due consideration of the extent of the injury sustained, as well as the facts developed at the trial as to this sidewalk, we do not think the verdict is subject to this charge.

The judgment is affirmed. *Nortoni* and *Caulfield, JJ.*, concur, but in what is said as to Rule 33 only concur with that in so far as it is held that by failing to comply with that rule, respondent has waived the defects complained of in the abstract.