(No. 4587. October 13, 1927.)

## WILLIAM A. GALLUP, Respondent, v. ADELAIDE BLISS and THE CITY OF EMMETT, a Municipal Corporation, Appellants.

[262 Pac. 154.]

MUNICIPAL CORPORATIONS—PUBLIC STREETS—OBSTRUCTION—LIABILITY OF CITY FOR INJURY CAUSED THEREBY—APPEAL AND ERROR—OWNER'S LIABILITY—SUFFICIENCY OF EVIDENCE.

1. Even though C. S., sec. 1304, does not apply to a city so that it cannot acquire a street by prescription, and though it has not, as is necessary, under section 3977, to make it a public street, accepted by ordinance a dedication thereof, yet it having been used by the public and worked by the city for at least five years, the city by reason of the implied invitation to the public to use it as a street becomes liable for injury to a traveler from obstruction negligently placed therein, as a post, which would improperly interfere with use thereof as a street.

2. Conceding that liability of owner of land used as a street to traveler for injury to him from post placed therein by such owner rests on a different basis from that of the city, no instructions having been offered by such owner tending to differentiate his liability from that of the city, it is unnecessary for appellate court, on appeal by both defendants from judgment against them, to discuss, determine or define such difference, if any.

### ON PETITION FOR REHEARING.

3. Though land long and commonly used by the public as part of a street was the private property of the adjoining owner, he, placing posts therein without lights or other warnings of the danger, whereby one driving there was injured, is liable, as, while a land owner may resist a trespasser with all necessary force, he may not lay a trap or pitfall for him, much less for one unconscious of trespassing.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action for damages for personal injuries. Judgment for respondent. *Affirmed.*

J. P. Reed, Geo. C. Huebener, Wm. M. Morgan and Earl B. Smith, for Appellants.

"It is elementary and fundamental that the power to lay out, open, widen, extend, vacate or abandon public highways, public parks, parkways or boulevards is legislative, pure and simple, to be exercised by the legislature itself or by municipal boards to which it may be delegated." (*State v. Board of Park Commrs.*, 100 Minn. 150, 110 N. W. 1121, 9 L. R. A., N. S., 1045; Elliott on Roads, 4th ed., sec. 10.)

There is no legislative authority, in Idaho, for the creation of a street in a city or village by prescription. The provision of C. S., sec. 1304, that "all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public, . . . . are highways," relates to country roads and not to streets in cities and villages. (18 C. J., sec. 67, p. 73, and note 83; *Kellar v. Louisville*, 10 Ky. App. 541; 18 C. J., sec. 75, p. 79, and notes 57 and 58; *Chapman v. City of Sault Ste. Marie*, 146 Mich. 23, 109 N. W. 53; *Hartley v. Vermillion*, 7 Cal. Unrep. 15, 70 Pac. 273; 28 Cyc. 832; C. S., secs. 1303, 1306, 3942, 3962, 3963, 3976 and 3977; *City of Genesee v. Latah County*, 4 Ida. 141, 36 Pac. 701; *Town of Juliaetta v. Smith*, 12 Ida. 288, 85 Pac. 923; *Boise City v. Hon*, 14 Ida. 272, 94 Pac. 167; *Hanson v. Proffer*, 23 Ida. 705, 132 Pac. 573; *City of Kellogg v. McRae*, 26 Ida. 73, 141 Pac. 86.)

Even if a right of way for a street in a city might be acquired by prescription, it could only be by use of the land

Publisher's Note.

1. Ways as to which duty exists to guard against defects and obstructions, see notes in 20 L. R. A., N. S., 553; L. R. A. 1915E, 597. See, also, 13 R. C. L., Highways, secs. 23, 25.

2. Duty to member of public using private way generally used by public, see note in 21 L. R. A., N. S., 977. See, also, 20 R. C. L., Negligence, sec. 57.

See Appeal and Error, 3 C. J., sec. 590, p. 699, n. 66.

Municipal Corporations, 43 C. J., sec. 1764, p. 982, n. 15; sec. 1766, p. 984, n. 38; sec. 1866, p. 1103, n. 15.

for street purposes for the statutory period, under claim of right, and recognition and admission by the city that no such right exists is inconsistent with such claim and will defeat it. (*Last Chance Ditch Co. v. Sawyer*, 35 Ida. 61, 204 Pac. 654; 29 C. J. 383, sec. 15; *City of Spokane v. Great Northern Ry. Co.*, 91 Wash. 613, 158 Pac. 244; *Scheller v. Pierce Co.*, 66 Wash. 298, 104 Pac. 277; *Board of County Commrs. v. Patrick*, 18 Wyo. 60, 104 Pac. 531, 107 Pac. 748; *City of Topeka v. Cowee*, 48 Kan. 345, 29 Pac. 560; *Parrott v. Stewart*, 65 Or. 254, 132 Pac. 523; *Stotts v. Dichdel*, 70 Or. 86, 139 Pac. 932.)

Whenever a highway is claimed to have been created by prescription, the claim cannot be sustained unless for a period of five years it has been worked and kept up at the expense of the public. (C. S., sec. 1304.)

S. L. Tipton, for Respondent.

When the evidence is conflicting the verdict of the jury will not be reversed on appeal. (*McMahon v. Cooper*, 23 Ida. 413, 130 Pac. 456; *Roseborough v. Whittington*, 15 Ida. 100, 96 Pac. 437.)

It is the duty of municipalities to keep their streets and highways free from nuisances and they are liable for injuries caused by defective streets. (*Carson v. City of Genesee*, 9 Ida. 244, 74 Pac. 809; *Moreton v. St. Anthony*, 9 Ida. 532, 25 Pac. 262; *Miller v. City of Mullan*, 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660; *Dennis v. Village of Elmira Heights*, 59 App. Div. 404, 70 N. Y. Supp. 312; *Aurora v. Bitner*, 100 Ind. 396; C. S., secs. 1302, 1304, 1333, 3976.)

C. S., sec. 3979, has no application to highways acquired by prescription. (*City of Kellogg v. McRae*, 26 Ida. 73, 117 Pac. 86; *Village of Sand Point v. Doyle*, 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *People v. Southern Pacific Ry. Co.*, 68 Cal. App. 153, 228 Pac. 726.)

Consent of owner is not required to establish highway by prescription. All that is necessary is five years' use and work at public expense. Owner need not be adverse. (*Gross v. McNutt*, 4 Ida. 300, 38 Pac. 935; *Meservey v. Gulliford*,

14 Ida. 133, 93 Pac. 780; *Town of Juliaetta v. Smith,* 12 Ida. 288, 85 Pac. 923; *People v. Southern Pac. Ry. Co., supra;* Elliott on Roads, sec. 124.)

Payment of taxes does not stop a claim of highway by prescription. (*Lockey v. City of Bozeman,* 42 Mont. 387, 113 Pac. 286; *Seattle v. Hinckley,* 67 Wash. 273, 121 Pac. 444; *Campau v. City of Detroit,* 104 Mich. 560, 62 N. W. 718.)

Appellant, Mrs. Bliss, is liable for injury to respondent, having obstructed the highway. (*Stricker v. Hillis,* 17 Ida. 646, 106 Pac. 1128.)

GIVENS, J.—Respondent was injured by being thrown from an automobile, in which he was riding, colliding with one of a series of posts which appellant Bliss had placed on what she claims as her land in the City of Emmett, being a strip of land about 42 feet wide from west to east and 170 feet long running from north to south, inclosed within the shaded portion of Plaintiff's Exhibit "A" (attached hereto), extending into and a part of what would be a street of the city if respondent's contention be correct. The part of appellant Bliss' land where the fence was located, with other land theretofore deeded to the city for street purposes by other persons, the dedication of which had never been accepted or confirmed by the city council (see the appended illustration copy of Plaintiff's Exhibit "A"), constituted a strip of ground which the respondent contended had been traveled by the public and worked at the public expense between the so-called "grade line" on said exhibit for such a length of time, in such a manner, and to such an extent that it had become a street by prescription. Appellant Bliss was sued on the theory that the posts were dangerous obstructions in a public street and the city was joined with her as a defendant on the theory that it had negligently violated a duty which it owed to the respondent to keep its streets free from dangerous obstructions. Separate answers were filed by the defendants. Defendants have separately appealed from a judgment on a verdict for respondent.

The errors assigned may be thus classified:

First, that respondent was permitted to introduce evidence tending to show the acquisition of a prescriptive right, and on the other hand appellants were not permitted to introduce evidence showing that the city as a political entity did not claim title, (a), by prescription, or (b), by dedication and formal acceptance by ordinance as required by statute. (C. S., sec. 3977.)

Second, that the court improperly instructed that the city could acquire a street by prescription, and the converse that the court improperly refused to instruct that a city could not acquire a street by prescription, and—

Third and last, that the evidence is insufficient to sustain the verdict.

[1] Granting that appellants are correct in their contention that sec. 1304, C. S., does not apply to cities and that a city cannot acquire, as such, a street by prescription, does not dispose of the controversy. This action does not involve the conflicting rights of the owner of the land as against the city or *vice versa.*

Appellants contend that C. S., sec. 3977, requires the acceptance by ordinance before a city street can become such. Use by the public and work done by the city may, however, without such acceptance by ordinance, make the city liable for accidents occurring in what would be, if accepted in proper manner, a city street.

"The last clause of section 77, art. 1, c. 14, Comp. St., entitled 'Cities of the Second Class and Villages,' provides: 'and that no street or alley which shall hereafter be dedicated to public use by the proprietor of ground in any city or village shall be deemed a public street or alley, or to be under the use or control of the city council or board of trustees, unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose.' It is conceded that no such acceptance had taken place, and the village had no control over that part of the street in question when the accident occurred, and is not liable for the injuries. Notwithstanding the statute, there is no doubt

that, if a municipal corporation in fact accepted an addition and assumed to take charge of and keep its streets in repair, it would be liable for a neglect of its duty in that regard. In other words, the right being one it was authorized to exercise, and having exercised the same, although in an irregular manner, it must perform its duty in that regard. This rule was applied in *Plattsmouth v. Mitchell*, 20 Neb. 228, 29 N. W. Rep. 593.'' (*Village of Imperial v. Wright*, 34 Neb. 732, 52 N. W. 374.)

''It appears that the point on what is called Front Street, at which the accident occurred, was beyond the platted portion of Front Street; that there had been no dedication of it as a public street, and that prior to the happening of the accident, the city had not undertaken to exercise control over the street or its sidewalks. It also appears that this street as used is partly on and partly off of the right-of-way of the Iron Mountain Railroad, that being about fifty feet wide and its south edge some thirty or forty feet south of the tracks of the Iron Mountain Railroad. It appears, however, by the evidence in the case that for more than ten years, a witness said for thirteen years, prior to the happening of the accident, the ground, which is an extension of Front Street as that street is platted, had been used by the public both for the passage of vehicles and for foot travel and that sidewalks had been constructed along it by the several owners of the adjacent lots, over which the public had traveled without question for that length of time. It was while walking over this sidewalk with her husband at night that plaintiff fell into a hole in it and was injured. The fact that she was seriously injured, being confined to her bed in a hospital for several months, is amply sustained by the evidence in the case. There is also evidence tending to prove that the city authorities knew of the use of this street and sidewalk by the public and knew or ought to have known of the dangerous condition of the sidewalk. There is evidence tending to show that plaintiff was walking along the sidewalk with her husband, unaware of the particular defect which was the cause of her fall and

injury. Under these facts, on the authority of the decision of our Supreme Court in *Benton v. City of St. Louis,* 217 Mo. 687, loc. cit. 709, 129 Am. St. 561, 118 S. W. 418, we hold that the city was liable in damages for the accident. The evidence shows beyond any doubt that whether the street had been formally dedicated or not, it had been used by the people of the city as a public street for over ten years." (*Hemphill v. City of Morehouse,* 162 Mo. App. 566, 142 S. W. 817.)

Though there is a conflict in the evidence as to just how long and to what extent the *locus in quo* had been worked by the city and used by the public, there is sufficient evidence to show that it had been both used and worked for a continuous period of more than five years, which under the authorities appears sufficient to justify the conclusion in effect arrived at by the verdict of the jury that, though never legally adopted or acquired as a street, nevertheless by the invitation to the public, evidenced by the city working the street and the use thereof by the public, the city had become liable for permitting defects to exist in the street which would be dangerous to traffic, and there is apparently no dispute in the record that the city had notice that the posts had been placed as testified to, for some considerable time prior to the accident. We do not approve nor indicate that the court's instruction as to prescription was correct or that a city can acquire by prescription a street in the absence of a statute authorizing such procedure. We do hold, however, that where within the incorporated limits of a city land is laid out and is in such a position that it would be a street if properly dedicated and accepted, where it has been used by the public and worked by the city for at least five years, as to the part used and worked (28 Cyc. 1364, n. 63), by reason of the direct and implied invitation to the traveling public to use the same as a street, the city becomes liable for obstructions negligently placed therein which would improperly interfere with the use of the same as a street. (28 Cyc. 1348.)

"The acts of the city street commissioners in the case at bar in causing the work of street construction that was done were sufficient to invite the public to use it as a public street, and sufficient to justify the finding that it was a public street." (*Conner v. City of Nevada,* 188 Mo. 148, 107 Am. St. 314, 86 S. W. 256; *Ivey v. City of Birmingham,* 190 Ala. 196, 67 So. 506; *Still v. City of Houston,* 27 Tex. Civ. App. 447, 66 S. W. 76.)

Hence the first and second groups of assignments become of no moment because the defenses therein contemplated are and would be unavailing as against the situation disclosed by the evidence herein.

"The right of the party injured to obtain redress does not depend upon the technical rights of a city to maintain a street. If, as a matter of fact, this street was laid out by the city of Seattle, was used by it as a street, and the public were invited to use it as such, it becomes its duty to maintain it in proper repair, and to protect the life and limb of those whom it invites to travel upon it; and the ordinary traveler is not called upon to examine the technical legality of the proceedings of the city in opening or laying out the street. So that the question in this case is, was there testimony tending to show the user by the public, at the instance or invitation of the city, of the street at the place where this hole was left unguarded, and where the alleged injuries were sustained." (*Taake v. City of Seattle,* 16 Wash. 90, 47 Pac. 220.)

[2] Conceding that the liability of Mrs. Bliss rested upon a different basis than that of the city, no instructions were offered by her tending to differentiate her liability from that of the city and therefore it is unnecessary to discuss, determine or define such difference, if any.

The evidence is sufficient to authorize the jury's conclusion that the posts constituted negligently placed obstructions. The following is a close case on the facts:

"We are of the opinion that the evidence was amply sufficient to establish the fact that the defendant's authorities had several years prior to the injury taken charge of

and treated Cumberland street as a public street of the city of Greensboro; that the overseer of streets, an official of said city, had by direction of the street committee and its successor, the street commission of said city, repaired and taken control of that street, and that for some years it had been used as a public street of the city. Upon such evidence the law is well stated by the leading case of *Mayer v. Sheffield*, 71 U. S. (4 Wall.) 189, 18 L. ed. 416, where it is said: 'If the authorities of a city or town have treated a place as a public street, taking charge of it and regulating it as they do other streets, and an individual is injured in consequence of the negligent and careless manner in which this is done, the corporation cannot, when it is sued for such injury, throw the party upon an inquiry into the regularity of the proceedings by which the land became a street or into the authority by which the street was originally established.' Whether the city had assumed such control of the *locus in quo* as to make it responsible was an inference of fact to be drawn from all the testimony by the jury." (*Gilbreath v. City of Greensboro*, 153 N. C. 396, 69 S. E. 268.)

The judgment is therefore affirmed and costs are awarded to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

(December 31, 1927.)

MEMORANDUM DENYING A REHEARING.

T. BAILEY LEE, J.—[3] Appellant, Adelaide Bliss, on her petition for rehearing insists that this court has decided the case upon a theory different from the one it was tried on, and has held the appellant City of Emmett liable for permitting obstructions in a thoroughfare not legally established as a street, but by it held out to the public to be such, and that the cause should have been ordered dismissed as to her, no liability having been established against her by the record.

The complaint charged that defendant Bliss placed certain posts in McKinley Street, a thoroughfare commonly traveled by the public; that such posts were set out at irregular intervals, and by said defendant and the defendant city "permitted to remain in and as an obstruction to said McKinley street, without lights or other warnings of the defective and dangerous condition of said highway caused by said posts; . . . . that through the negligence of said defendants in permitting said posts to remain in and as an obstruction to said McKinley street, the said automobile in which plaintiff was riding came in contact with said posts," etc. (detailing the resulting injury).

This pleading directly sets out a cause of action against the defendant Bliss, in nowise dependent upon any act of the city. She is charged with placing posts in a particular locality commonly used by the public as a thoroughfare, and that by reason of her negligent maintenance thereof a member of the public was injured. That this particular strip of territory was not a lawful street does not dispense with its phyical existence nor affect the obligations of defendant Bliss with respect thereto. Conceding that the territory so used as a thoroughfare was her private property and that all travel thereover was a trespass, she was invested with no right to place thereon an instrumentality that might injure the trespasser without notice. While the land owner may resist a trespasser with all necessary force, he may not lay a trap or pitfall for him. Much less can he lay a trap for one unconscious of trespassing. The defendant knew that this strip was being commonly traveled; that at night there was nothing to apprise the traveler of her private rights; and she should have known that a collision with the unlighted posts would be sooner or later inevitable. Knowing such facts, her duty was unquestionable. Particularly in point is *Bouri v. Spring Valley Water Co.,* 8 Cal. App. 588, 97 Pac. 530, 532, where the court said:

"The principle thus enunciated may be found to be at the bottom of that class of cases where a person, without right or license, habitually passes over the premises of another.

If the owner of such premises should dig a ditch across the pathway over which he knew the trespasser was accustomed to pass at night, without informing or notifying such trespasser of the existence of the ditch, and the latter, as was his custom, should undertake to pass over the pathway in an ordinarily careful manner and fall into such ditch and sustain injuries thereby, there could be suggested no reason in law why the tort-feasor should not be required to respond in damages for his act, amounting, as it would, under such circumstances, to criminal negligence at least.''

Defendant's right to resist the city's encroachment could not relieve her of her duty to the traveling public.

The points urged by the city in its petition for a rehearing have been fully covered in the original opinion. A rehearing is therefore denied, both as to the city and Mrs. Bliss.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.

Budge, J., dissents as to appellant Bliss.