628 P.2d 1056

Jean TAYLOR, Plaintiff-Appellant,

v.

Jack CHOULES and Rodney Choules, and Does 1 through 5, Defendants-Respondents.

No. 13391.

Supreme Court of Idaho.

May 26, 1981.

W. Scott Barrett, of Barrett & Mathews, Logan, Utah; Eugene L. Bush of Sharp, Anderson & Bush, Idaho Falls, for plaintiff-appellant.

David H. Maguire, of Maguire & Ward, Pocatello, for defendant-respondent Jack Choules.

Gary L. Cooper, of Racine, Huntley & Olson, Pocatello, for defendant-respondent Rodney Choules.

McFADDEN, Justice.

This case arises from an automobile accident which occurred August 28, 1976, on State Highway 91 south of Downey, Idaho. On October 19, 1977, appellant filed an action for damages in the Sixth District Court, Bannock County (venue was later changed to Franklin County). The action was filed against Jack Choules, owner of the pickup truck which collided with appellant's vehicle, and his son, Rodney Choules, allegedly the driver of the pickup. The respondents, Jack and Rodney Choules answered in December 1977, admitting ownership of the truck but denying that Rodney was driving at the time of the accident.

The matter was set for trial, but the respondents filed in February, 1978, a motion to vacate the trial setting on the grounds that discovery had not yet been completed and that a necessary party, the driver of the truck, had not been joined. The respondents also maintained in an amended answer and in answers to interrogatories filed in March, 1978, that Rodney was not driving but rather, that a friend, Louis Bennett, was operating the truck at the time of the accident.

At the scene of the accident, both Rodney and Louis told the investigating officer that Rodney was driving. However in May 1977 at the trial of the traffic citations issued to

Rodney at the scene (for inattentive driving and violating a restricted license), both Rodney and Louis testified that Louis was driving the truck after changing places with Rodney some 100 yards south of the accident site. Both had been drinking earlier in the day, and Rodney stated that they changed drivers since he was "sleepy." This version of events was later repeated by both during their depositions, taken and transcribed during the spring and summer of 1978, as well as appearing in the answers to interrogatories, *supra*.

Respondent Jack Choules moved for summary judgment in April, 1978, on the ground that his truck was being operated at the time of the accident without his express or implied permission. As of this juncture, the Choules were represented by separate counsel. The district court denied this motion in September 1978, stating that questions of fact remained concerning the relationship between Jack and Rodney and the nature of any permission to drive the truck. A later statement by the court indicates that the depositions referred to above had not been filed with the court at this time.

On March 8, 1979, counsel for the Choules jointly filed a motion for dismissal and for summary judgment or judgment on the pleadings on the ground that the driver of the truck was Louis Bennett. The motion was based on the pleadings, discovery, and other documents before the court; no affidavits were filed by respondents. Appellant responded with an "affidavit" (by counsel) and a memorandum of points and authorities.

The court entered an order on May 15, 1979, granting the motion for summary judgment stating that, in light of the depositions of Choules, Bennett, the investigating officer and others, no issue of factor existed as to Louis Bennett actually being the driver of the truck at the time of the accident. The court ruled that this state of affairs was possibly known to the appellant in May of 1977 when the traffic trial occurred, but was certainly known not later than the time of the taking of the depositions.

The court further stated that since the Idaho Code required joinder of the operator of the vehicle in order to impute negligence to the owner, summary judgment was proper as to Jack Choules unless appellant had the opportunity to amend. However, since the court determined that appellant had notice of the fact that Louis was driving well before the expiration of the two year statute of limitations (I.C. § 5–219), it felt no amendment was possible and the summary judgment should therefore be granted to Jack Choules. Additionally, the court found that there was no evidence of causal negligence on the part of Rodney Choules as passenger and that summary judgment should also be granted as to him.

Appellant moved for reconsideration on the ground that a question of fact existed as to who was driving. Appellant further sought leave to file an amended complaint seeking recovery against Rodney Choules on the theory of "negligent entrustment" of the truck to Louis Bennett. The court denied this motion and appellant appeals from both the granting of the summary judgment to respondents and the denial of the motion to reconsider and allow amendment.

We note that at the time the court considered the motion for summary judgment, no affidavits were filed by the moving parties. No affidavits (other than a statement of counsel so denominated) were filed by the opposing party. The court, therefore, was faced with the facts as they appeared from the record before it. A review of that record clearly indicates the existence of a genuine issue of material fact.

█ It is axiomatic that upon a motion for summary judgment all facts and inferences must be construed most favorably toward the party opposing the motion. If any genuine issue of material fact remains unresolved, summary judgment is improper. *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979); *McKinley v. Fanning*, 100 Idaho 189, 595 P.2d 1084 (1979); and cases cited therein.

█ Here Rodney Choules made statements to the investigating officer that he was driving the Choules vehicle. Louis Bennett, too, said that Rodney had been the driver. This version was then recanted by both during their depositions, as well as at Rodney's trial on the traffic offenses stemming from the accident and his operating a vehicle while on a restricted license. Not only is the credibility of Rodney and Louis thus drawn into question, but it is manifestly unclear which factual version is the truth. Additionally, appellant testified at her deposition that she observed the pickup's approach for some one-half mile prior to the point of impact. Viewing this in a light most favorable to appellant, her observation would negate the contention that Louis and Rodney stopped and changed drivers 100 yards short of the accident site. It can also be noted that the deposition testimony in addition to referring to the earlier beer drinking by Louis and Rodney, also indicates that Louis had no driver's license, had never driven, and did not know how to drive. What all these conflicting facts and inferences require is further development at trial; what their presence indicates is the impropriety of summary determination. Such matters are properly for the trier of fact and are not to be determined by the court on a motion for summary judgment.

Due to our resolution of this question, appellant's other assignments of error concerning the district court's rulings need not be addressed. Due to the lapse of time since the motion for summary judgment was granted below, upon remand the case will be reopened for additional pleading if the parties so choose.

The decision of the district court granting respondents' motion for summary judgment is reversed and the case remanded for further proceedings in accordance with this opinion. Costs to appellant.

BAKES, C. J., and BISTLINE, DONALDSON and SHEPARD, JJ., concur.