671 P.2d 1063

AMERICAN LAND TITLE COMPANY, a corporation, and Bannock, Paving Company, a corporation, Plaintiffs-Respondents,

v.

William ISAAK, Marie Isaak, Eldron Thornton, Idonna J. Thornton, Bob W. Knudsen, Asal J. Prescott, Bertha E. Prescott, Virgil Jahnke, Fred M. Frazier, Ross Murray, Sun Valley, Inc., and any other Persons, Organizations, Corporations Claiming an Estate or Interest Adverse to the Plaintiffs, Defendants,

and

Giles Hintze Florence and Ululani Florence, Defendants-Appellants.

No. 14532.

Supreme Court of Idaho.

Oct. 26, 1983.

Craig R. Jorgensen, Pocatello, for defendants-appellants.

Louis F. Racine, Jr., William W. Becker, Pocatello, for plaintiffs-respondents.

SHEPARD, Justice.

This is an appeal from a summary judgment against defendants-appellants Florence on their counterclaim, in which they alleged plaintiffs-respondents were in breach of contract and had tortiously committed fraud, breach of fiduciary duty, and wrongful exercise of corporate opportunity. We reverse and remand.

The Florences owned certain real property which they pledged as security for contractual obligations and as collateral on loans extended by plaintiffs-respondents. Plaintiffs-respondents notified the Florences of intent to retain the real property collateral pursuant to the security agreement and thereafter initiated this action seeking quiet title to the property. A default judgment was granted and later set aside, and the Florences filed their answer and counterclaim. Summary judgment was granted to plaintiffs-respondents both on the quiet title issue and on the counterfeit. On this appeal, there is no issue as to the judgment quieting title, but the Florences assert error only as to the summary judgment granted against them on their counterclaim.

The facts surrounding the action are complex and we summarize the evidence in the light most favorable to the Florences, as we are obligated to do under I.R.C.P. 56(c). *See also Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); *Kline v. Clinton*,

103 Idaho 116, 645 P.2d 350 (1982); *Pugmire v. Johnson,* 102 Idaho 882, 643 P.2d 832 (1982).

The Florences, through a corporation, owned a large tract of land south of Pocatello, Idaho, which they wished to subdivide and develop. They borrowed money from several investors, in return for which they promised improved lots. Through another corporation, the Florences also owned 87 acres of land referred to as the "gravel pit," and they had also borrowed moneys against that land, giving deeds to portions of the gravel pit property as security.

In 1975, the Florences approached Bannock Paving concerning development of the Florences' property. After several negotiations, an entity called Ban-Flo Corporation was organized. The Florences assigned certain of their land to Ban-Flo Corporation in return for Ban-Flo stock. Bannock Paving was to develop the land within 120 working days after requisite county and city approval. Bannock Paving loaned the Florences $200,000, which Giles Florence testified was for the purpose of enabling him to exercise options and to buy out the previous investors, and which moneys Florence contended were to be reimbursed to Bannock Paving from the Florences' sale of the developed lots. Respondents testified, on the other hand, that Florence had not advised them of the prior investors and that the money was, among other things, consideration for the conveyance of the 87-acre gravel pit. Bannock Paving advanced additional moneys to the Florences, the amounts of which are disputed, and a security agreement was executed wherein the Florences pledged their Ban-Flo stock as security. Hence, at this juncture, Ban-Flo held title to the real property; the stock of Ban-Flo was held in part by Bannock Paving and in part by the Florences; and the Florences' stock in Ban-Flo was pledged as security for moneys advanced to them.

Bannock Paving almost immediately ran into unexpected obstacles in its development of the property, and it is disputed as to who was responsible for the problems that occurred. Those problems included the inadequacy of a master plan for the development, lack of necessary easements and rights-of-way, the interests of the previous investors, difficulties concerning sewer and water, and faulty engineering studies. As of May 1981, no development had been started, and there is no indication of the value of the project, although plaintiffs-respondents assert they have invested $661,-000 into the development. The circumstances surrounding the conveyance of the 87-acre gravel pit are also disputed as between the parties.

Sometime after the incorporation of Ban-Flo, the Florences apparently left the state and gave no indication of any intent to proceed with the project. Plaintiffs-respondents assert that they could not perform their obligations absent preliminary work which necessarily had to be performed by the Florences. The Florences, on the other hand, assert that, before they could sell the lots, the initial development work by Bannock Paving had to be completed.

After numerous correspondences, plaintiffs-respondents gave notice of their intent to retain the collateral for the moneys advanced pursuant to the security agreement, but the Florences did not respond. As above noted, plaintiffs-respondents filed the action to quiet title and received a default judgment, which was later set aside. The Florences then filed their answer and counterclaim, following which summary judgment was issued in favor of plaintiffs-respondents.

It is axiomatic that summary judgment is improperly granted where any genuine issue of material fact remains unresolved. I.R.C.P. 56(c). *See also Kline v. Clinton,* 103 Idaho 116, 645 P.2d 350 (1982); *Taylor v. Choules,* 102 Idaho 222, 628 P.2d 1056 (1981); *Palmer v. Idaho Bank & Trust of Kooskia,* 100 Idaho 642, 603 P.2d 597 (1979). A trial court, in ruling on a motion for summary judgment, is not to weigh evidence or resolve controverted factual issues. *Idaho State University v. Mitchell,* 97 Idaho 724, 552 P.2d 776 (1976); *Merrill v. Duffy Reed Construction Co.,* 82 Idaho 410, 353 P.2d 657 (1960). When the trial court

granted summary judgment against the Florences on their counterclaim, it did not in the record provide us with the benefit of its reasoning for such holding. Consequently, we are left with a record which contains only an incomplete and contradictory factual base. We are unable to say as a matter of law, after reviewing that record, that the counterclaim of the Florences was without merit. *Harbaugh v. Myron Harbaugh Motor, Inc.,* 100 Idaho 295, 597 P.2d 18 (1979).

Here the evidenced, viewed most favorably toward the Florences, appears to reflect unresolved issues of material fact. Such issues include the contractual obligations of the parties; the reasonable times for each party to perform his respective obligations; which party's performance was a condition precedent to the performance of the other party; the abandonment of the project by either party; the amounts of money owed to respondents by the Florences; whether a fiduciary duty to the Florences existed, and if such duty existed, whether it was breached; the circumstances of the conveyance of the gravel pit and the existence of fraud therein; and any tortious liability of the corporate majority stockholders.

The cause is reversed and remanded for further proceedings consistent herewith. Costs to appellants. No attorney fees allowed.

DONALDSON, C.J., BAKES and BISTLINE, JJ., and SCOGGIN, J. pro tem., concur.